**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL KENT,<br><br>Plaintiff,<br><br>v.<br><br>NORTONLIFELOCK INC., VINCENT PILETTE, SUSAN P. BARSAMIAN, ERIC K. BRANDT, FRANK E. DANGEARD, NORA M. DENZEL, PETER A. FELD, KENNETH Y. HAO, EMILY HEATH, and SHERRESE M. SMITH,<br><br>Defendants, | Civil Action No. ___________<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Michael Kent ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against NortonLifeLock Inc. ("NortonLifeLock" or the "Company") and NortonLifeLock's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to acquire Avast plc ("Avast").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on October 4, 2021. The Proxy recommends that NortonLifeLock stockholders vote in favor of issuing between 93 and 205 million shares of NortonLifeLock common stock (the "Stock Issuance") to effectuate

NortonLifeLock's acquisition of Avast (the "Proposed Transaction"). The Proposed Transaction was first disclosed on August 10, 2021, when NortonLifeLock and Avast announced that they had entered into a definitive agreement (the "Merger Agreement") pursuant to which Avast stockholders will receive either $7.61 in cash and 0.0302 shares of NortonLifeLock common stock or $2.37 in cash and 0.1937 shares of NortonLifeLock for each share of Avast that they hold (the "Merger Consideration"). The deal is valued at more than $8 billion.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by NortonLifeLock management, as well as the financial analyses conducted by Evercore Group L.L.C. ("Evercore"), NortonLifeLock's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Stock Issuance and/or the Proposed Transaction unless and until the material information discussed below is disseminated to NortonLifeLock's stockholders. In the event the Stock Issuance and/or the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of NortonLifeLock.

6. Defendant NortonLifeLock is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 60 E. Rio Salado Parkway, Suite 1000, Tempe, Arizona 85281. NortonLifeLock common stock trades on

NASDAQ under the ticker symbol "NLOK."

7. Defendant Vincent Pilette has been President and CEO of the Company and a director of the Company since 2019.

8. Defendant Susan P. Barsamian has been a director of the Company since 2019.

9. Defendant Eric K. Brandt has been a director of the Company since 2020.

10. Defendant Frank E. Dangeard has been a director of the Company since 2007.

11. Defendant Nora M. Denzel has been a director of the Company since 2019.

12. Defendant Peter A. Feld has been a director of the Company since 2018.

13. Defendant Kenneth Y. Hao has been a director of the Company since 2016.

14. Defendant Emily Heath has been a director of the Company since 2021.

15. Defendant Sherrese M. Smith has been a director of the Company since 2021.

16. Defendants Pilette, Barsamian, Brandt, Dangeard, Denzel, Feld, Hao, Heath, and Smith are collectively referred to herein as the "Board."

17. Nonparty Avast is a public company incorporated in England and Wales. Avast has offices in Prague, London, and California.

**JURISDICTION AND VENUE**

18. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under

traditional notions of fair play and substantial justice.

20. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

21. NortonLifeLock offers consumers products and services that prevent, detect, and respond to cybersecurity threats. The Company has almost 80 million users that are connected with NortonLifeLock via three channels: direct-to-consumer, indirect partner distribution, and "freemium." The "freemium" channel offers free cybersecurity solutions to consumers with the possibility to add premium services.

22. On August 10, 2021, the Company entered into the Merger Agreement with Avast.

23. According to the press release issued that day announcing the Proposed Transaction:

> **NortonLifeLock and Avast to Merge to Lead the Transformation of Consumer Cyber Safety**
>
> *New Company to Serve 500M+ Users Including ~40M Direct Customers*
>
> **TEMPE, Ariz., and PRAGUE, Czech Republic and LONDON, U.K. – August 10, 2021** – NortonLifeLock (NASDAQ: NLOK), a global leader in consumer Cyber Safety, and Avast (LSE: AVST), a global leader in digital security and privacy, are pleased to announce that they have reached agreement on the terms of a recommended merger of Avast with NortonLifeLock, in the form of a recommended offer by NortonLifeLock, for the entire issued and to be issued ordinary share capital of Avast.
>
> Under the terms of the merger Avast shareholders will be entitled to receive a combination of cash consideration and newly issued shares in NortonLifeLock with alternative consideration elections available. Based on NortonLifeLock's closing share price of USD 27.20 on July 13, 2021 (being the last trading day for NortonLifeLock shares before market speculation began in relation to the merger on July 14, 2021, resulting in the commencement of the offer period), the merger values Avast's entire issued and to be issued ordinary share capital between

approximately USD 8.1B and USD 8.6B, depending on Avast shareholders' elections.

The boards of NortonLifeLock and Avast believe that the merger has compelling strategic and financial rationale and represents an attractive opportunity to create a new, industry-leading consumer Cyber Safety business, leveraging the established brands, technology and innovation of both groups to deliver substantial benefits to consumers, shareholders, and other stakeholders.

"This transaction is a huge step forward for consumer Cyber Safety and will ultimately enable us to achieve our vision to protect and empower people to live their digital lives safely," said Vincent Pilette, Chief Executive Officer of NortonLifeLock. "With this combination, we can strengthen our Cyber Safety platform and make it available to more than 500 million users. We will also have the ability to further accelerate innovation to transform Cyber Safety."

"At a time when global cyber threats are growing, yet cyber safety penetration remains very low, together with NortonLifeLock, we will be able to accelerate our shared vision of providing holistic cyber protection for consumers around the globe," said Ondřej Vlček, Chief Executive Officer of Avast. "Our talented teams will have better opportunities to innovate and develop enhanced solutions and services, with improved capabilities from access to superior data insights. Through our well-established brands, greater geographic diversification and access to a larger global user base, the combined businesses will be poised to access the significant growth opportunity that exists worldwide."

**Strategic and Financial Benefits**

- **Accelerates the transformation** of consumer Cyber Safety with over 500 million users;
- Combines Avast's strength in privacy and NortonLifeLock's strength in identity, creating **a broad and complementary product portfolio**, beyond core security and towards adjacent trust-based solutions;
- **Strengthens geographic diversification** and facilitates expansion into the SOHO / VSB segments;
- Unlocks **significant value creation** through approximately USD 280 million of annual gross cost synergies[1], with additional upside potential from new reinvestment capacity for **innovation and growth**;
- Brings together two strong and highly experienced **consumer-focused** management teams.

The Merger will also enhance the financial profile of the combined company through increased scale, long-term growth, cost synergies with reinvestment capacity and strong cash flow generation supported by a resilient balance sheet, and is expected to drive double-digit EPS accretion within the first full year following completion of the Merger and double-digit revenue growth in the long-term.

**Organization and Management**

Following the completion of the transaction, NortonLifeLock's CEO, Vincent Pilette, will remain CEO, NortonLifeLock's CFO, Natalie Derse, will remain CFO, and Avast's CEO, Ondřej Vlček, is expected to join NortonLifeLock as President and become a member of the NortonLifeLock Board of Directors. In addition, Pavel Baudiš, a co-founder and current director of Avast, is expected to join the NortonLifeLock Board as an independent director.

On completion of the merger, the combined company will be dual headquartered in Prague, Czech Republic, and Tempe, Arizona, USA, and will have a significant presence in the Czech Republic. The combined company will be listed on NASDAQ.

**B. The Materially Incomplete and Misleading Proxy**

24. On October 4, 2021, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Stock Issuance. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Stock Issuance.

***Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts***

25. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Evercore's fairness opinion, Evercore reviewed "certain publicly available projected financial and operating data relating to NortonLifeLock and Avast and extrapolations thereof, which were approved for Evercore's use by NortonLifeLock's management." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that NortonLifeLock's management provided to the Board and Evercore.

26. Notably, Defendants failed to disclose the line items underlying Adjusted EBITDA, Adjusted Net Income, and Adjusted Unlevered Free Cash Flow for both NortonLifeLock and

Avast. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Stock Issuance.

***Materially Incomplete and Misleading Disclosures Concerning Evercore's Financial Analyses***

27. With respect to the *Selected Publicly Traded Companies Analysis—Avast,* the Proxy fails to disclose the multiples for FY 2022E EBITDA and FY 2022 P/E for each selected company.

28. With respect to the *Selected Publicly Traded Companies Analysis—NortonLifeLock,* the Proxy fails to disclose the multiples for CY 2022E EBITDA and CY 2022 P/E for each selected company.

29. With respect to the *Discounted Cash Flow Analysis—Avast,* the Proxy fails to disclose the number of fully diluted shares of Avast. The Proxy also fails to disclose Avast's net debt as of June 30, 2021. And the Proxy fails to disclose the inputs and assumptions underlying the discount rates of 8.0% to 9.0% and growth rates of 2.0% to 3.0%.

30. With respect to the *Discounted Cash Flow Analysis—NortonLifeLock,* the Proxy fails to disclose the number of fully diluted shares of the Company. The Proxy also fails to disclose the Company's net debt as of July 2, 2021. And the Proxy fails to disclose the inputs and assumptions underlying the discount rates of 8.0% to 9.0% and growth rates of 2.0% to 3.0%.

31. With respect to the *Equity Research Analyst Price Targets Analysis*, the Proxy fails to disclose each of the price targets utilized in the analysis.

32. With respect to the *Premiums Paid Analysis*, the Proxy fails to disclose the transactions selected for the analysis, as well as the premiums for each of the selected transactions.

33. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Stock Issuance and the Proposed Transaction

and contains the materially incomplete and misleading information discussed above.

34. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

35. Further, the Proxy indicates that on August 10, 2021, Evercore reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration/ was fair, from a financial point of view, to NortonLifeLock stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Evercore's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

36. Plaintiff is immediately threatened by the wrongs complained of herein, and lack an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

### Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9

37. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

38. Defendants have filed the Proxy with the SEC with the intention of soliciting NortonLifeLock stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the

material information referenced above.

39. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of NortonLifeLock, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

40. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

41. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of NortonLifeLock shares and the financial analyses performed by Evercore in support of its fairness opinion.

42. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Stock Issuance and the Proposed Transaction; indeed, the Proxy states that Evercore reviewed and discussed its financial analyses with the Board on August 10, 2021, and further states that the Board considered Evercore's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should

have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

43. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Stock Issuance. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**COUNT II**

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

44. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of NortonLifeLock within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of NortonLifeLock and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Stock Issuance. They were, thus, directly involved in the making of the Proxy.

48. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

49. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Stock Issuance and/or the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

B. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: October 24, 2021

**ROWLEY LAW PLLC**

*S/ Shane T. Rowley*

Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*